UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JUAN ESCOBAR BANEGAS,

Petitioner,

v.

MARKWAYNE MULLIN, Secretary of Homeland Security, et al.,

Respondents.

Case No.:  26-CV-03894 JAO (MSB)

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

(ECF No. 1)

Before the Court is Juan Escobar Banegas' Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1).  Also before the Court is Respondents Markwayne Mullin's (Secretary of the U.S. Department of Homeland Security ("DHS"), Christopher J. LaRose's (Warden of Otay Mesa Detention Facility), DHS's, Immigration and Customs Enforcement's ("ICE"), Gregory J. Archambeault's (San Diego Field Office Director, ICE Enforcement Removal Operations), David Venturella's (Acting Director, ICE), and Todd Blanche's (Acting United States Attorney General) (collectively, "Respondents" or the "Government") Return to the Petition (ECF No. 4).

For the following reasons, the Court **GRANTS IN PART** the Petition.

///

///

1

26-CV-03894 JAO (MSB)

## BACKGROUND

Petitioner is a Salvadorean national who last entered the United States at some unknown date. *See* ECF No. 1 ¶¶ 1, 16. He was detained by Respondents on June 26, 2026 but has not received a bond hearing because Immigration Courts have taken the position that they lack jurisdiction to order release of people held pursuant to 8 U.S.C. § 1225(b). *See id.* ¶¶ 2–3.

## LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention—federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

## DISCUSSION

Petitioner argues that he is subject to detention under 8 U.S.C. § 1226(a) rather than mandatory detention under § 1225(b). *See* ECF No. 1 ¶¶ 22–28. Respondents concede that Petitioner appears to be a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025) ("*Bautista*"). *See* ECF No. 4 at 2. And while the Ninth Circuit stayed the application of *Bautista* beyond the Central District of California, Respondents recognize that courts in this district have ordered bond hearings in similar cases. *See id.*

26-CV-03894 JAO (MSB)

"Respondents therefore do not oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)." *Id.*

The Court concludes that Petitioner is entitled to a bond hearing under 8 U.S.C. § 1226(a). *See, e.g.*, *Esquival-Ipina v. LaRose*, 812 F. Supp. 3d 1073, 1080–81 (S.D. Cal. 2025); *Garcia Garcia v. Mullin*, 2026 WL 1303159, at *1 (S.D. Cal. May 12, 2026) (acknowledging *Bautista* and ordering bond hearing).

**CONCLUSION**

Based on the foregoing, the Court **GRANTS IN PART and DENIES IN PART** the Petition for Writ of Habeas Corpus (ECF No. 1), and **ORDERS** Respondents to provide Petitioner with an individualized bond hearing within fourteen (14) days before a neutral immigration judge in which the Government bears the burden of establishing by clear and convincing evidence that Petitioner is a danger to the community or a flight risk if released.[1] If no hearing occurs within fourteen days of this Order, Petitioner shall be released from Respondents' custody. The Court **DENIES** Petitioner's request for release from detention without prejudice but notes that if Respondents do not give Petitioner an adequate bond hearing, the Court may order release in the future. *See, e.g.*, *Singh v. LaRose*, 2026 WL 1387428, at *5–6 (May 18, 2026); *Perez Velasquez v. Bondi*, 2026 WL 1042479, at *6–7 (S.D. Cal. Apr. 16, 2026). The Parties **SHALL** file a Joint Status Report by August 10, 2026, informing the Court of the outcome of the hearing.[2]

///

///

///

---

[1] *See, e.g.*, *Barrera v. LaRose*, 2026 WL 1303159, at *1 n.3 (S.D. Cal. Feb. 19, 2026) (concluding that the Government bears the burden on a bond hearing of a *Bautista* class member).

[2] Petitioner requested attorney's fees, related expenses, and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. *See* ECF No. 1 at 10. Petitioner's counsel may submit an appropriate EAJA fee application within 30 days of the issuance of this Order. *See* 28 U.S.C. § 2412(d)(1)(B).

26-CV-03894 JAO (MSB)

**IT IS SO ORDERED.**

Dated:  July 21, 2026

_____
Jill A. Otake
United States District Judge

26-CV-03894 JAO (MSB)